MICHAEL J. AGOGLIA (CA SBN 154810)
magoglia@mofo.com
WENDY M. GARBERS (CA SBN 213208)
wgarbers@mofo.com
NANCY R. THOMAS (CA SBN 236185)
nthomas@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant*
BANK OF AMERICA, NATIONAL ASSOCIATION

JONATHAN SHUB (CA SBN 237708)
jshub@seegerweiss.com
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, PA 19102
Phone: (215) 564-2300
Fax (215) 851-8029

*Attorney for Plaintiffs*
[Additional Plaintiffs' Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

#### SAN JOSE DIVISION

| | |
|---|---|
| BRIAN O'DONNELL, MICHAEL VAN BELLEGHEM, and PATRICIA VAN BELLEGHEM, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION a.k.a. BANK OF AMERICA, N.A., and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. C-07-04500 RMW (HRL)<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Initial Case Management Conference<br>Date:    May 9, 2008<br>Time:    10:30 a.m.<br>Crtrm:   6<br>Honorable Ronald M. Whyte<br>Complaint filed:  August 30, 2007 |

Pursuant to Civil Local Rule 16-9, plaintiffs Brian O'Donnell, Michael Van Belleghem, and Patricia Van Belleghem ("Plaintiffs") and defendant Bank of America, National Association ("Bank of America"), respectfully submit this Joint Case Management Statement.  On April 21, 2008, the parties, through their respective counsel of record, discussed the issues in Federal Rules of Civil Procedure 16(b) and 26(f).  This Joint Case Management Statement reflects the matters on which they agree and expresses their respective views on the issues which they disagree.

## 1.    JURISDICTION AND SERVICE

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.  Plaintiffs' Second Amended Complaint ("SAC") asserts a first cause of action for alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*  The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the second cause of action for fraudulent omissions, third cause of action under California's Business and Professions Code section 17200 *et seq.*, fourth cause of action for breach of contract, and fifth cause of action for tortious breach of the implied covenant of good faith and fair dealing.

All known parties have been served.  On January 25, 2008, the Court dismissed defendant Bank of America Corporation pursuant to the parties' stipulation.

## 2.    FACTUAL SUMMARY AND DISPUTES

### A.    Plaintiffs' Statement

Plaintiffs, individually and on behalf of the proposed classes, allege that Defendant failed to disclose important material information in connection with the Option ARM home loan Defendant sold to Plaintiffs and other consumers.  Plaintiffs allege that these Option ARM loans and the documents Defendants used to sell them violate TILA.  Plaintiffs contend that TILA requires all lenders, including Defendants, to make certain disclosures to borrowers concerning the terms and conditions of their home loans in a clear and conspicuous manner.  Plaintiffs allege that Defendants failed to clearly and conspicuously disclose, in their loan documents and in the federally required TILA disclosure statements: (i) the actual interest rate Defendants charged

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT
CASE NO. C-07-04500 RMW (HRL)

sf-2508926

Plaintiffs and consumers on their loans; (ii) the payments on the notes at the initial low interest rate absolutely would result in negative amortization and that the principal balance absolutely would increase as a result; and (iii) that the initial interest rate provided was discounted and does not reflect the actual interest that Plaintiff, and others, were paying on the loans.  Plaintiffs seek the right of rescission, individually and on behalf of the Class, under TILA, as well as damages.

Plaintiffs further allege that Defendants alleged misconduct also violated the "unlawful," "unfair" and "fraudulent" prongs of the  UCL which is based upon the generally applicable duty of any contracting party to disclose important material facts, and on the duty to refrain from unfair and deceptive business practices.

Lastly, Plaintiffs allege that the Defendants breached the express terms of the written contract (as well as the covenant of good faith and the fair dealing) entered by and between Plaintiffs and Defendants by failing to apply any portion of Plaintiffs' loan payments, which were based on the initial low interest rate, to reduce the principal balance on the loan.  Defendants also failed to provide the low interest rate to Plaintiffs' loan in the manner agreed by the Parties.  Plaintiffs seek damages and/or other equitable relief on these causes of action.


B.    Bank of America's Statement

This case is about the sufficiency of written disclosures for a particular type of home-loan product, known as a payment option adjustable-rate mortgage ("Option ARM").  It is one action in a wave of litigation filed against the mortgage lending industry by a consortium of plaintiffs' lawyers.  In California alone, there are over forty such lawsuits pending in federal court.

Bank of America's disclosures fully complied with the requirements of TILA and fully informed plaintiffs about the terms of their Option ARM loan.  In particular, plaintiffs' Notes, TILA Disclosure Statements, and Program Disclosure fully apprised them that:

- The Option ARM loans had the potential for negative amortization;

- Plaintiffs could avoid negative amortization by choosing either the fully-amortizing or the interest-only payment option; and

- The interest would accrue on the loans at a rate tied to an Index; but

- The monthly Minimum Payments they were obligated to make were capped in the early years of the loans, and would not go up by more than 7.5%, regardless of how the Index fluctuated.

Plaintiffs' theories of liability are based on a misapplication of TILA and turning a blind eye to what their loan documents actually say. Accordingly, Bank of America has twice moved to dismiss plaintiffs' complaint. In response to the first motion to dismiss, plaintiffs filed a SAC, on February 21, 2008. Bank of America's motion to dismiss the SAC is set to be heard on May 9, 2008.

**3.    LEGAL ISSUES**

A.    Plaintiffs' Statement

(1)    Whether Defendant engaged in unfair business practices aimed at deceiving Plaintiffs and the Class members before and during the loan application process?

(2)    Whether the Option ARM loans sold by Defendant all have the following uniform characteristics:

(a)    There is an initial low interest rate or "teaser" rate that was used to entice the Plaintiffs into entering into the loan. The rate offered was typically 1%-3%;

(b)    The loan has with it a corresponding low payment schedule. The documentation provided intended to misleadingly portray to consumers that the low payments for the first three (3) to five (5) years were a direct result of the low interest rate being offered;

(c)    The initial payments in the required disclosures were equal to the low interest rate being offered. The purpose was to assure that if someone were to calculate what the payment would be at the low offered interest rate, it corresponded to the payment schedule. This portrayal was intended to further mislead consumers into believing that the payments were enough to cover all principal and interest;

(d)    The payment has a capped annual increase on the payment amount; and

(e)    The loan includes a prepayment penalty preventing consumers from securing a new loan for a period of up to three (3) years.

(2)    Whether Defendant's marketing plan and scheme misleadingly portrayed or implied that these loans were fixed rate loans, when Defendants knew that only the periodic payments were fixed (for a time) but that interest rates were not, in fact, "fixed"?

(3)    Whether Defendant uniformly failed to disclose, and by omission, failed inform consumers, including Plaintiffs and the Class members, in a clear and conspicuous manner that the fixed "teaser" rate offered by Defendant was actually never applied to their loans, or, at best, was only applied for thirty (30) days.

(4)    Whether Defendant uniformly failed to disclose and by omission failed to inform consumers, including Plaintiffs and the Class members, that the payments set forth in Defendant's schedule of payments were insufficient to cover the actual amount they were being charged for the loan, and that these were, in fact, loans that would cause Plaintiffs and the Class members to lose the equity they have in their homes.

(5)    Whether Defendant uniformly failed to disclose and by omission failed to inform consumers, including Plaintiffs and the Class members, that when the principal balance increased to a certain level, they would no longer have the option of making the fixed interest payment amount.

(6)  Was the disclosure of whether a payment schedule will result in negative amortization extremely important material information that should have been clearly and conspicuously disclosed to Plaintiffs and the class members?

B.    Bank of America's Statement

(1)    Whether this action may be properly maintained as a class action.

(2)    Whether Bank of America's written disclosures complied with TILA and Regulation Z, 12 C.F.R. §§ 226.1 *et seq*.

(3)    Whether Bank of America's payment crediting practices were consistent with the terms of the notes.

(4)    Whether the loan documents fully apprised plaintiffs of the terms of their loans.

(5)    Whether federal law preempts certain of plaintiffs' claims.

**4.    MOTIONS**

A.    Prior Motions

Bank of America's prior motion to dismiss the FAC is moot since plaintiffs filed the SAC.

B.    Pending Motions

On May 9, 2008, the Court will hold a hearing on Bank of America's motion to dismiss the SAC.

C.    Anticipated Motions

Plaintiffs intend on filing a Motion for Class Certification.

Should any claims survive the pending motion to dismiss, Bank of America will likely bring a dispositive motion asserting federal preemption.  Bank of America reserves the right to bring further dispositive motions, such as motions for summary judgment.  The extent and degree of discovery motion practice, if any, is presently unknown.

**5.    AMENDMENT OF PLEADINGS**

Plaintiffs propose the deadline for amendment of pleadings be December 1, 2008 to allow Plaintiffs sufficient time to conduct discovery regarding subsequent purchasers of the mortgages and assignees of the ARM loans Defendant sold during the Class Period.  Defendant proposes the deadline for amendment of pleadings be August 15, 2008.

**6.    EVIDENCE PRESERVATION**

The parties are aware of their obligation to preserve relevant evidence, including electronically stored information, and have taken steps to comply with their obligations.

1    **7.    DISCLOSURES**

2        The parties anticipate exchange of their Rule 26(a)(1) Initial Disclosures on May 2, 2008.

3    **8.    DISCOVERY**

4        To date, no discovery has been taken by either side.  Bank of America submits that all

5    discovery, except for Initial Disclosures, should be held in abeyance until and unless this case

6    moves beyond the pleadings stage.

7        Plaintiffs strongly oppose any stay on discovery during the resolution of any pleading

8    motions. This is especially so because of the immediate threat of foreclosure as a result of

9    Defendant's conduct.

10                    A.    Scope of Discovery

11        Plaintiffs will be seeking discovery related to identifying the subsequent purchasers and

12    assignees of the ARM loans Defendant sold during the Class Period.  Plaintiffs will also be

13    seeking discovery related to Defendant's loan practices and conduct in connection with the

14    formulation, development, implementation and marketing of the ARM loans at issue.

15        If plaintiffs' claims survive, Bank of America anticipates taking discovery on their ability

16    to adequately serve as class representatives, the circumstances surrounding plaintiffs' loan

17    transactions, the alleged communications that occurred between plaintiffs and Bank of America,

18    plaintiffs' performance of their obligations under their Option ARM loans, and the alleged harm

19    plaintiffs have suffered.  Bank of America may take discovery on additional topics as the case

20    develops.

21                    B.    Proposed Discovery Plan

22        Bank of America submits that discovery in this matter should be phased, with the initial

23    phase of discovery limited to plaintiffs' loan transactions and class certification issues.  The scope

24    of the second phase of discovery would depend on the class certification ruling.  If class

25    certification is denied, the parties would proceed to conclude quickly any remaining discovery

26    necessary to adjudicate plaintiffs' individual claims, and any trial could proceed rapidly.  If class

27    certification is granted and a nationwide class is certified, the parties would need to focus on

28    discovery relating to class notice and the merits of the broader class claims.

Plaintiffs oppose any formal bifurcation of class or merits discovery on the grounds that the discovery here is inextricably intertwined between class issues and merits issues. Plaintiffs do agree, however, that the initial discovery should be directed to class certification issues.

The following is the parties' view of the discovery plan and briefing schedule for class certification:

| DEADLINE OR EVENT | BANK OF AMERICA'S DATES OR POSITION | PLAINTIFFS' DATES OR POSITION |
|---|---|---|
| Opening of Initial Phase of Fact Discovery | Filing of answer | Non- Expert discovery (class and merits) should commence immediately with emphasis on class issues. |
| Completion of Initial Phase of Fact Discovery | **Six months** after filing of answer | **Six months** from commencement of non-expert discovery |
| Deadline to File Any Motion for Class Certification | **Seven months** after filing of answer | **Eight months** from commencement of non-expert discovery |
| Deadline to File Any Opposition to Motion for Class Certification | **Thirty days** after filing of motion for class certification | **Thirty days** after filing of motion for class certification. |
| Deadline to File Any Reply on Motion for Class Certification | **Fifteen days** after filing of opposition to motion for class certification | **Thirty days** after filing of opposition to motion for class certification. |
| Completion of Non-Expert Discovery | If a class is certified, **eight months** after certification. If a class is not certified, **two months** after denial of certification. | **Six months** from date of class certification ruling. |

### 9.    CLASS ACTIONS

Plaintiffs believe this case is a paradigmatic one for class certification.  Plaintiffs propose six months from the date discovery commences as the deadline for filing their class certification motion.

Bank of America asserts that this action is not appropriate for class treatment under any provision of Rule 23 of the Federal Rules of Civil Procedure.  As discussed, Bank of America proposes seven months after filing of the answer as the deadline for any class certification motion.

**10.    RELATED CASES**

Bank of America is not aware of any related cases at this time.  The Court previously denied plaintiffs' request to relate this case to two other cases involving different parties before Judge Fogel.

**11.    RELIEF**

Plaintiffs seek legal and equitable relief, including damages and recession.

Bank of America contests that plaintiffs are entitled to any relief.

Additionally, Bank of America submits that plaintiffs cannot recover any damages under TILA.  The one-year statute of limitations expired before they filed this action.

**12.    SETTLEMENT AND ADR**

The parties believe that, until the pleadings are settled, it is difficult to assess the potential utility of each ADR process, and that they would be more likely to agree on a suitable ADR process once the scope of the claims is settled.  The parties, through their counsel, will participate in the ADR phone conference.

**13.    CONSENT TO MAGISTRATE JUDGE**

Bank of America does not consent to proceed before a Magistrate Judge for all purposes.

Plaintiff does consent to proceed before a Magistrate Judge for all purposes

**14.    OTHER REFERENCES**

The parties do not believe this case is suitable for other references at this time.

**15.    NARROWING OF ISSUES**

At this stage in the proceedings, the parties are unaware of any issues that can be narrowed by agreement or motion, other than the anticipated motions set forth in section 4.  The parties agree to continue to meet and confer regarding these issues and to inform this Court as applicable in the event discovery indicates agreement may be reached on the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

**16.    EXPEDITED SCHEDULE**

The parties agree this case is not appropriate for an expedited or streamlined procedure.

**17.    SCHEDULING**

Bank of America proposes the following case schedule for proceedings after the class certification ruling:

| DEADLINE OR EVENT | BANK OF AMERICA'S DATES OR POSITION | PLAINTIFFS' DATES OR POSITION |
|---|---|---|
| Completion of All Fact Discovery | If a class is certified, **eight months** after certification. If a class is not certified, **two months** after denial of certification. | All non-expert discovery should be completed within **six months** from the class certification order. |
| Completion of Expert Discovery | If a class is certified, any opening expert report must be served **nine months** after certification, with all expert discovery completed **ten months** after certification.<br><br>If a class is not certified, any opening expert report must be served **three months** after denial of certification, with all expert discovery completed **four months** after denial of certification.<br><br>Any rebuttal expert report is due within **thirty days** after the disclosure of the opening expert report by the other party. Any motion challenging the qualifications of or opinions expressed by any designated expert must be made within **twenty-one** days after all expert discovery is completed. | **Six months** from the end of non-expert discovery. |
| Deadline for Dispositive Motions | If a class is certified, **twelve months** after certification. If a class is not certified, **five months** after denial of certification. | **Ten months** after certification order. |
| Hearing on Dispositive Motions | **Six weeks** after filing of dispositive motions | **Six weeks** after filing of dispositive motions. |
| Pre-trial Conference | **Three months** after filing of dispositive motions | **Three months** after filing of dispositive motions. |
| Trial | **Two weeks** after pre-trial conference | **Two weeks** after pre-trial conference. |

## 18.    TRIAL

Plaintiffs submit the trial will take twenty days.

Bank of America submits that the length of trial will vary greatly depending on whether this action proceeds as an individual or class action. If it proceeds as an individual action, Bank

1    of America estimates that plaintiffs' claims can be tried in four days.  If a class is certified, Bank

2    of America estimates that trial will take at least forty days.

3        **19.    DISCLOSURE OF INTERESTED ENTITIES**

4            Bank of America filed its Certificate of Interested Entities on December 21, 2007.  It

5    restates the contents of that Certificate here:

6            Pursuant to Federal Rule of Civil Procedure 7.1, defendant Bank of
             America, National Association ("Bank of America, N.A.") hereby
7            discloses that it is a wholly-owned subsidiary of NB Holdings
             Corporation, which is wholly-owned by Bank of America
8            Corporation.  Bank of America Corporation is publicly traded on
             the New York Stock Exchange.  Bank of America, N.A. states that
9            there is no other publicly-held corporation that owns ten percent or
             more of its stock.
10
             Pursuant to Civil Local Rule 3-16, the undersigned certifies that as
11           of this date, other than the named parties, there is no such interest to
             report.
12
             Plaintiff filed its Certificate of Interested Entities on August 30, 2007. It restates the
13
     contents of that Certificate here:
14
             Pursuant to Civil L.R. 3-16, the undersigned certifies that the
15           following listed persons, associations of persons, firms,
             partnerships, corporations (including parent corporations) or other
16           entities (i) have a financial interest in the subject matter in
             controversy or in a party to the proceeding, or (ii) have a non-
17           financial interest in that subject matter or in a party that could be
             substantially affected by the outcome of this proceeding:
18
             In addition to the named parties: Members of the proposed class or
19           classes of BANK OF AMERICA CORPORATION, BANK OF
             AMERICA, NATIONAL ASSOCIATION a.k.a. BANK OF
20           AMERICA, N.A., customers who received an ARM or adjustable
             rate mortgage, whose identities are as yet unknown.
21

22

23
         **20.    OTHER MATTERS**
24
             At this time, the parties do not have any additional matters that should be raised.
25

26

27

28

1   Dated: May 2, 2008                    MICHAEL J. AGOGLIA
                                          WENDY M. GARBERS
2                                         NANCY R. THOMAS
                                          MORRISON & FOERSTER LLP
3

4
                                          By:    /s/ Wendy M. Garbers
5                                                Wendy M. Garbers

6                                         *Attorneys for Defendant*
                                          BANK OF AMERICA, NATIONAL
7                                         ASSOCIATION

8   Dated: May 2, 2008                    JONATHAN SHUB
                                          SEEGER WEISS LLP
9

10
                                          By:    /s/ Jonathan Shub
11                                               Jonathan Shub

12                                        PAUL R. KIESEL
                                          PATRICK DEBLASE
13                                        MICHAEL C. EYERLY
                                          KIESEL BOUCHER LARSON LLP
14
                                          DAVID M. ARBOGAST
15                                        JEFFREY K. BERNS
                                          ARBOGAST & BERNS
16
                                          *Attorneys for Plaintiffs*
17

18                           ECF CERTIFICATION

19          Pursuant to General Order No. 45, § X.B., the filing attorney attests that she has obtained

20   concurrence regarding the filing of this document from each of the signatories to the document.

21   Dated: May 2, 2008                   By:    /s/ Wendy M. Garbers
22                                               Wendy M. Garbers

23

24

25

26

27

28